# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
April 2, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MICHAEL GREENLEE,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1099**  (BOR Appeal No. 2046992)
(Claim No. 2011015887)

**SELAH CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael Greenlee, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Selah Corporation, by Matthew L. Williams, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 24, 2012, in which the Board affirmed a February 29, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 24, 2010, decision denying Mr. Greenlee's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Greenlee worked as a coal miner/scoop operator for Selah Corporation. He suffered an injury while hanging fly pads when he stepped into a hole and twisted his lower back on September 2, 2010. Joseph Marinacci, D.C., concluded that Mr. Greenlee had injured his back as a direct result of his occupational injury on September 2, 2010. The claims administrator rejected Mr. Greenlee's application for workers' compensation benefits and held that Mr. Greenlee was not injured in the course of and as a result of his employment.

1

The Office of Judges affirmed the claims administrator's decision and held that the preponderance of the evidence finds that a compensable injury did not occur on September 2, 2010. The Board of Review affirmed the Office of Judges' Order. On appeal, Mr. Greenlee disagrees and asserts that despite the perceived inconsistencies he has proven by reliable evidence that he suffered a low back injury at work. Selah Corporation maintains that the evidence of record contains numerous contradictions and inconsistencies sufficient to support the conclusion that Mr. Greenlee's complaints are related to pre-existing conditions and not a specific injury on September 2, 2010.

The Board of Review was plainly wrong to affirm the Office of Judges' Order denying Mr. Greenlee's application for workers' compensation benefits. Mr. Greenlee was injured on September 2, 2010. Mr. Greenlee first reported the injury to Selah Corporation on September 11, 2010, when he called off work because of his back pain and further reported the injury to Mr. Robinette, the mine supervisor, on September 13, 2010. Mr. Greenlee sought medical treatment on September 13, 2010, from Dr. Marinacci who saw him for his back pain with an onset date of September 2, 2010, and diagnosed him with lumbar disc without myelopathy, lumbosacral strain/sprain, and thoracic subluxation. Dr. Marinacci completed the physician portion of the Employee's and Physician's Report of Injury on November 5, 2010, and stated that Mr. Greenlee injured his low back as a direct result of an occupational injury on September 2, 2010. We find that Mr. Greenlee has satisfied the three elements of West Virginia Code § 23-4-1 (2008) because he has a (1) personal injury (2) that he received in the course of employment and (3) resulting from employment, and therefore, we reverse the Board of Review and hold the claim compensable.

For the foregoing reasons, we find that the decision of the Board of Review is clearly the result of erroneous conclusions of law or is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed.

Reversed.

**ISSUED:  April 2, 2014**

**CONCURRED IN BY:**
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Robin J. Davis